GREGORY, Circuit Judge,
dissenting:
For the reasons I articulated in United States v. Robinson, — F.3d - (4th Cir.2011), I dissent. Here as in there, I believe courts’ general duty to explain their reasoning applies to this case, is supported by case law and statute, and enhances appellate review. Unlike the majority, I would not “presume that the district court considered all of the materials before it in rendering a decision.” Slip op. at 710. Nor do I find much comfort in the fact that the resentencing judge here also presided over the original jury trial and sentencing. Slip op. at 709 n. 2.
Rather, I would continue to find that a judge “must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.” Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). “The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” United States v. Carter, 564 F.3d 325, 328 (4th Cir.2009) (citations omitted). Requiring courts to provide at least some basic individualized explanation “not only ‘allow[s] for meaningful appellate review1 but it also ‘pro-motets] the perception of fair sentencing.’ ” Carter, 564 F.3d at 328 (Gall, 128 S.Ct. at 597). These benefits are especially germane here, where the resentencing is retroactively correcting a structural flaw in the prior crack-cocaine ratio.
For these reasons, I must respectfully dissent.